UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL HOWARD HUNTER and CIVIL RIGHTS CENTER OF SOUTH DAKOTA,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>CONNIE "DOE,"<br><br>　　　　　　　Defendant. | 5:18-CV-05011-JLV<br><br><br>ORDER GRANTING *IN FORMA PAUPERIS* AND DISMISSING CASE |

On January 31, 2017, plaintiff Michael Howard Hunter, appearing *pro se*, filed a complaint on behalf of the Civil Rights Center of South Dakota and himself. (Docket 1). Mr. Hunter then filed a motion for leave to file an amended complaint because two pages were inadvertently not included in the original complaint. (Dockets 6-8). As a preliminary matter, the court must address the issue of Mr. Hunter's relationship to the other plaintiff. The law is clear that Mr. Hunter, as a non-lawyer, may not represent an association or corporation. 28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

Without variance, every federal appeals court allows an individual, as a plaintiff, to proceed *pro se* under § 1654. "As a general matter of federal law, an individual proceeding in federal court has the right to present his case pro

se . . . ." Leftridge v. Connecticut State Trooper Officer No. 1283, 640 F.3d 62, 67 (2d Cir. 2011) (referencing 28 U.S.C. § 1654). However, it is undisputed law "for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993). Courts have uniformly held "that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." Id. at 202. A non-lawyer may not represent an association or corporation in federal court. Steele v. City of Bemidji, 257 F.3d 902, 905 (8th Cir. 2001). While Mr. Hunter is entitled to represent himself, he is not permitted to represent the other plaintiff. For these reasons, the court will only consider Mr. Hunters' complaint as personal to him.

Mr. Hunter also filed a motion to proceed without prepayment of fees and a financial affidavit. (Docket 3). Section 1915(a)(1) of Title 28 of the United States Code directs the court to authorize the commencement of a civil action without prepayment of fees upon proof of plaintiff's inability to pay. 28 U.S.C. § 1915(a)(1). In his declaration, plaintiff indicates he is currently unemployed, receives disability payments, and owns a single vehicle. (Docket 3). The court finds plaintiff is indigent within the meaning of § 1915(a)(1).

Proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915. That statute provides:

> Notwithstanding any filing fee, . . . the court shall dismiss the case at any time if the court determines that--
> . . .
> (B) the action or appeal—

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Subsection (e)(2) allows the court *sua sponte* to review a complaint filed with an *in forma pauperis* application to determine if the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant or defendants who are immune from such relief. Thus, the court is required to screen a *pro se* complaint as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [the] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Because Mr. Hunter is proceeding *pro se*, his pleadings must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). However, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction. Mr. Hunter contends this court has jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action against any "person who, under the color of any statute, ordinance, regulation, custom, or usage, of any state" causes the deprivation of a right protected by federal law or the United States Constitution. 42 U.S.C. § 1983.

As the court construes the amended complaint, Mr. Hunter alleges on January 30, 2018, he was denied a South Dakota driver's license by Connie "Doe," a state actor, because he did not provide a birth certificate. Docket 7 at pp. 3-4. Mr. Hunter needs a license to travel as part of a charitable business, Civil Rights Center of South Dakota. Id. at pp. 2-3. As the court construes the amended complaint, Mr. Hunter claims Connie Doe's enforcement of South Dakota Administrative Rule 61:18:08:02 violates his constitutional right to travel. S.D. Admin. R. 61:18:08:02 (2017).

The Supreme Court has long recognized a fundamental right to interstate travel. United States v. Guest, 383 U.S. 745, 757-58 (1966). However, "[b]urdens on a single mode of transportation do not implicate the right to interstate travel." Miller v. Reed, 176 F.3d 1202, 1205 (9th Cir. 1999). The Supreme Court has not "afford[ed] the possession of a driver's license the weight of a fundamental right." Id. Without a right protected by federal law or the United States Constitution, Mr. Hunter fails to state a claim upon which relief may be granted.

Mr. Hunter also seeks a declaration that abortion is murder and to appoint counsel for all unborn children. The complaint fails to name a defendant Mr. Hunter alleges is responsible for the claimed violation. Since the complaint does not name a defendant, the court is barred from hearing the case, as plaintiff fails to allege a genuine case or controversy. Article III of the United States Constitution limits the power of the federal courts to cases and controversies. U.S. Const. Art. III, § 2. To establish Article III standing, a plaintiff must demonstrate that a "case or controversy" exists. Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 99 (1979). At a minimum, the plaintiff must show three elements: (1) an injury in fact, (2) a causal nexus

between the complained–of conduct and the injury, and (3) redressability of the injury. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); see Gladstone 441 U.S. at 99 ("In order to satisfy Art. III, the plaintiff must show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.").

Additionally, Mr. Hunter's request for declaratory relief requires dismissal of his complaint. As the Supreme Court has stated, "the federal courts established pursuant to Article III of the Constitution do not render advisory opinions . . . 'concrete legal issues, presented in actual cases, not abstractions,' are requisite." Golden v. Zwickler, 394 U.S. 103, 108 (1969) (quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)). Finally, plaintiff is advised that the Supreme Court's decision in Roe v. Wade, 410 U.S. 959 (1973), is the law of the land.

Accordingly, it is

ORDERED that Mr. Hunter's motion to proceed *in forma pauperis* (Docket 3) is granted.

IT IS FURTHER ORDERED that the motion to file an amended complaint (Docket 6) is granted.

IT IS FURTHER ORDERED that the amended complaint (Docket 7) is dismissed without prejudice for failure to state a claim on which relief may be granted.

DATED March 30, 2018.

                                            BY THE COURT:
                                            /s/ *Jeffrey L. Viken*
                                            JEFFREY VIKEN
                                            CHIEF JUDGE